UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH

CAROLINA

FILED

JAN 2 7 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ M.M _____ DEP CLK

| | |
|---|---|
| EDWIN HOLLIDAY<br>Plaintiff<br>v.<br>STATE EMPLOYEE CREDIT<br>UNION<br>Defendant | CASE NO. 5:26-CV-00046<br>FL<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes ☐ No |

## MOTION TO VACATE ARBITRATION AWARD

Plaintiff Edwin Holliday ("Plaintiff"), appearing pro se, respectfully moves this Court,

pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, for an Order

vacating the Final Award of Arbitrator Jonathan B. Gilbert (the "Award") issued on or about

August 15, 2024, in the arbitration proceeding styled *Edwin Holliday v. State Employee*

*Credit Union*, Case No. 01-25-0001-1577, administered by the American Arbitration

Association. In support of this Motion, Plaintiff states as follows:

### INTRODUCTION

This case concerns the complete failure of an arbitrator to decide the single, specific federal

claim submitted to him. Plaintiff brought a claim against Defendant under the Fair Credit

Reporting Act ("FCRA"), alleging that Defendant failed to conduct a "reasonable

investigation" into disputed credit reporting. The Arbitrator, however, did not address,

analyze, or even mention the FCRA or its governing legal standard. Instead, he decided on an

entirely different issue that was never presented—the validity of the underlying

debt—thereby exceeding his powers and dispensing his "own brand of industrial justice." This constitutes a manifest disregard of the law and a violation of 9 U.S.C. § 10(a)(4). Accordingly, the Award must be vacated.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as the underlying claim arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. The Court has further jurisdiction to hear this Motion under 9 U.S.C. § 10.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant resides and conducts business within this judicial district, and a substantial part of the events or omissions giving rise to the underlying claim occurred in this District.

## FACTUAL BACKGROUND

3. Plaintiff is a consumer and a resident of Raleigh, North Carolina. Defendant State Employee Credit Union ("SECU") is a financial institution that furnishes credit information about its members to consumer reporting agencies.

4. Plaintiff initiated an arbitration claim against SECU, alleging that SECU violated its statutory duties as a furnisher of information under the FCRA, specifically 15 U.S.C. § 1681s-2(b).

5. Plaintiff's claim was based on SECU's failure to conduct a "reasonable investigation" after it received notice from a consumer reporting agency that Plaintiff was disputing inaccurate and facially illogical information on his credit report.

6. As evidence, Plaintiff submitted his credit reports (Exhibits A and C in the arbitration), which documented a non-sequential and patently incorrect delinquency history for one of his accounts. The report showed a payment history of "30, 30, 30, 30, 60, 30, 60" days past due—a pattern that is logically impossible, as an account's

delinquency status should be progressive if a payment is missed and not revert from 60 days late back to 30 days late.

7. On or about August 15, 2024, Arbitrator Jonathan B. Gilbert issued a Final Award denying all of Plaintiff's claims.

8. The Award's entire legal and factual analysis focuses on the existence of the underlying loan agreements and Plaintiff's repayment history. The Award states: "SECU's records, and the credit reports themselves, show otherwise. In addition, Claimant offers no evidence to contradict those records… I find that SECU accurately reported Claimant's credit history and adequately investigated his complaint."

9. The Award makes no mention of 15 U.S.C. § 1681s-2(b), fails to articulate the "reasonable investigation" standard, and provides no analysis of whether SECU's investigative *process* was reasonable in light of the specific inaccuracies Plaintiff disputed.

## LEGAL ARGUMENT

The FAA permits a district court to vacate an arbitration award under narrow circumstances. Here, vacatur is warranted because the Arbitrator exceeded his powers and acted in manifest disregard of the law.

**I. The Arbitrator Exceeded His Powers by Deciding an Issue Not Submitted to Him.**

Under 9 U.S.C. § 10(a)(4), a court may vacate an award "where the arbitrators exceeded their powers." An arbitrator exceeds their powers when they fail to decide the claim actually submitted and instead rule on an issue that was not before them. *See Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (noting an award must draw its essence from the contract and not be based on the arbitrator's "own brand of industrial justice").

The sole claim submitted for arbitration was whether SECU violated its procedural duties under the FCRA. The legal question was not whether Plaintiff owed a debt, but whether SECU conducted a *reasonable investigation* after being notified of a dispute. The Arbitrator's authority was strictly limited to resolving that specific statutory claim.

The Arbitrator exceeded this authority by completely ignoring the FCRA claim. Instead of analyzing the reasonableness of SECU's investigation, he decided a simple contract dispute about the validity of the debt, focusing his analysis on the promissory notes and payment history. This was a matter not submitted to him. By failing to grapple with the actual legal issue presented and instead substituting his own unrelated inquiry, the Arbitrator did not resolve the controversy presented but rather dispensed his own form of justice, thereby exceeding his powers under the FAA.

## II. The Award Evinces a Manifest Disregard of Controlling Federal Law.

While the grounds for vacatur are limited, an award may be vacated where the arbitrator acts in "manifest disregard of the law." This standard is met where an arbitrator understands and correctly states the law, but proceeds to disregard the same. *Three S Delaware*, 492 F.3d at 527. It applies where there is a showing that the arbitrator was aware of the law but refused to apply it.

Here, the controlling law—15 U.S.C. § 1681s-2(b)—is well-defined, explicit, and was the sole basis for Plaintiff's claim. Plaintiff's arbitration brief squarely presented the "reasonable investigation" standard as the central issue. The Arbitrator's utter failure to mention, let alone apply, this controlling statute can only be interpreted as a conscious decision to disregard it. Federal courts have established a clear framework for analyzing the reasonableness of a furnisher's investigation. In cases like *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295 (11th Cir. 2016), courts have held that an investigation under § 1681s-2(b) must be a substantive inquiry, not a merely perfunctory or superficial review of the furnisher's own

internal records, particularly when a consumer's dispute points to a clear, logical inconsistency. The Arbitrator's failure to apply this well-established standard—and instead accept the furnisher's simple verification in the face of a patent inaccuracy—is further evidence of manifest disregard for the governing law.

This is not a case of mere legal error. The Arbitrator did not misinterpret the FCRA; he acted as if it did not exist. He ignored direct evidence submitted by Plaintiff (Exhibits A and C) showing the facially inaccurate, non-sequential delinquency reporting. This evidence was the very trigger for a reasonable investigation. An investigation that results in "verifying" such a logical impossibility is, by definition, unreasonable. The Arbitrator's failure to even acknowledge this evidence or the legal standard governing it demonstrates a wholesale abandonment of his duty to apply the law, rising to the level of manifest disregard.

## CONCLUSION

For the foregoing reasons, the Arbitrator's Award was not a legitimate resolution of the claim submitted. The Arbitrator exceeded his powers by deciding an issue not before him and acted in manifest disregard of the controlling federal statute. Therefore, the Award must be vacated pursuant to 9 U.S.C. § 10. The appropriate remedy is to vacate the flawed Award and remand the matter for a new hearing before a different arbitrator who will properly consider the claim under the correct legal standard.

**WHEREFORE**, Plaintiff Edwin Holliday respectfully requests that this Court enter an Order:

1. Vacating the Final Award issued in the arbitration proceeding *Edwin Holliday v. State Employee Credit Union*, AAA Case No. 01-25-0001-1577;

2. Remanding the matter for a new arbitration hearing before a different arbitrator; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: December 9, 2025

Respectfully submitted,

Edwin Holliday

2004 CAMPANA DR RALEIGH, NC 27603

Edwinlholliday@gmail.com

/S/Edwin Holliday