UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-46-M

EDWIN HOLLIDAY,

Plaintiff,

v.

STATE EMPLOYEE CREDIT UNION,

Defendant.

ORDER AND
MEMORANDUM AND
RECOMMENDATION

This matter is before the court on *pro se* Plaintiff Edwin Holliday's application to proceed *in forma pauperis* and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -2]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application to proceed *in forma pauperis* is allowed. For the reasons stated below, it is recommended that the case be dismissed for lack of subject matter jurisdiction.

## I.    Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    Discussion

Plaintiff asks the court to vacate an arbitration award issued to State Employee Credit Union ("SECU") on August 15, 2024,[1] pursuant to 9 U.S.C. § 10. Pl.'s Mot. [DE-1] at 1; Award of Arbitrator ("Award") [DE-1-1]. Plaintiff contends that the arbitrator exceeded his power and disregarded the law by failing to decide the issue presented. Pl.'s Mot. [DE-1] at 1–2. Specifically,

---

[1] This date appears to be a typographical error where the Award of Arbitrator, attached to Plaintiff's motion, is dated December 5, 2025. [DE-1-1] at 2.

Plaintiff alleged in his arbitration claim against SECU that it violated its duties as a furnisher of information under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1682s-2(b), by failing to conduct a reasonable investigation of Plaintiff's dispute. *Id.* at 2. Plaintiff contends that the arbitrator's factual analysis focused on the existence of the debt Plaintiff owed to SECU, rather than whether SECU conducted a reasonable investigation, and the arbitrator disregarded the controlling law on whether SECU complied with § 1682s-2(b). *Id.* at 3–5. Plaintiff asks the court to vacate the Award and remand the matter for a new arbitration hearing before a different arbitrator. *Id.* at 5.

"Federal courts are courts of limited jurisdiction." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "When a party desires to proceed in federal court, it 'must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter.'" *Id.* (quoting *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008)). The party invoking the jurisdiction of the court, here Plaintiff, has the burden of establishing subject matter jurisdiction. *Id.* Courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Friedler v. Stifel, Nicolaus, & Co., Inc.*, 108 F.4th 241, 245 (4th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Plaintiff alleges that the court has subject matter jurisdiction pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, because the underlying claims arise under the FCRA and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, independently confers jurisdiction. Pl.'s Mot. [DE-1] at 2. The Supreme Court has held that the FAA's "authorization of a petition does not itself create jurisdiction. Rather, the federal court must have what we have called an 'independent jurisdictional basis' to resolve the matter." *Badgerow v. Walters*, 596 U.S. 1, 4 (2022) (quoting

3

*Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). Thus, as is the case here, "an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum,'" and "[i]f []he cannot, the action belongs in state court." *Id.* at 8 (quoting *Vaden*, 556 U.S. at 59). Because § 10 does not provide an independent basis for jurisdiction over Plaintiff's case, the court must determine whether Plaintiff's alternate ground for jurisdiction, the FCRA, provides an independent jurisdictional basis.[2] It does not.

In *Badgerow*, the Court explained that in a § 10 petition to vacate an arbitration award, the issue is the "enforceability of an arbitral award," which is akin to a contractual disagreement, that "typically involve[s] only state law." *Id.* at 9 (citations omitted). The court found that it was not appropriate to "look through" the application to vacate to the underlying claim, which in *Badgerow* was an employment dispute for unlawful termination in violation of state and federal law, to assess jurisdiction. *Id.* at 12 ("Congress has not authorized a federal court to adjudicate a Section 9 or 10 application just because the contractual dispute it presents grew out of arbitrating different claims, turning on different law, that (save for the parties' agreement) could have been brought in federal court.").

Applying the rule of *Badgerow* to the instant case, the FCRA provides no basis for subject matter jurisdiction because the court is not permitted to look through the petition to the underlying federal claim. *See Thigpen v. Citibank, N.A.*, No. 1:25-CV-00622-KG-JMR, 2026 WL 145230, at *2 (D.N.M. Jan. 20, 2026) (finding no subject matter jurisdiction over § 10 petition to vacate arbitration award where court could not "look-through" to the underlying FCRA and other federal consumer protection claims asserted in the arbitration) (citing *Badgerow*, 596 U.S. at 5), *report*

---

[2] Plaintiff does not allege facts that would support exercise of the court's diversity jurisdiction under 28 U.S.C. § 1332.

*and recommendation adopted*, 2026 WL 385091 (D.N.M. Feb. 11, 2026). Furthermore, Plaintiff's assertion in the motion that the arbitrator acted in manifest disregard of controlling federal law, Pl.'s Mot. [DE-1] at 4–5, does not provide the court with subject matter jurisdiction. The Fourth Circuit expressly rejected this argument in *Friedler v. Stifel, Nicolaus, & Co., Inc.*, explaining that an assertion on the face of the petition that the arbitration panel "manifestly disregarded federal securities law" did not confer federal-question jurisdiction over the dispute, because "a claim of manifest disregard of federal law doesn't present a federal question." 108 F.4th 241 at 246–47. Accordingly, because Plaintiff's motion to vacate arbitration award provides no independent jurisdictional basis, the court lacks subject matter jurisdiction.

## III.   Conclusion

For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* is allowed, and it is recommended that the case be dismissed for lack of subject matter jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 18, 2026** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district

5

judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright*, 766 F.2d at 846–47.

Submitted the 4 day of May, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge

Case 5:26-cv-00046-M-RJ    Document 6    Filed 05/04/26    Page 6 of 6